UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KRISTIAN FRIAS ACOSTA and ALANIAS FRIAS ACOSTA,<br><br>    Plaintiffs<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>    Defendant | Case No.: 2:23-cv-00530-APG-VCF<br><br>**Order Remanding Case to State Court**<br><br>[ECF No. 11] |

    Defendant Liberty Mutual removed this action from state court on the basis of diversity jurisdiction. ECF No. 1. I ordered Liberty to show cause why this case should not be remanded to state court because the amount at issue does not meet this court's jurisdictional threshold. ECF No. 6. Subsequently, plaintiffs Kristian Frias Acosta and Alanias Frias Acosta moved to remand the case. ECF No. 11. Because the amount at issue does not appear to exceed $75,000, I will remand this case to state court.

    "Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773–74 (9th Cir. 2017) (internal quotations and citation omitted). This burden on a removing defendant is especially heavy because "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Id.* (citations omitted). *See also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Where a complaint is unclear as to the total amount of damages sought, but alleges only upper or lower limits or types of damages, a district court is free in its preponderance-of-the-evidence analysis to make estimations of the amount of damages that could be obtained consistent with the vague wording of the complaint." *Elliker v. Contractors Bonding & Ins. Co.*, 3:12-CV-00438-RCJ-WGC, 2013 WL 757621 at *1 (D. Nev. Feb. 27, 2013) (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700–01 (9th Cir. 2007)). In making such analyses, district courts can make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable," and "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal quotation marks omitted). *See also Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense.").

Here, there is considerable doubt that the amount in controversy exceeds the $75,000 jurisdictional threshold. The plaintiffs allege they were injured in an automobile collision. ECF No. 11 at 2. Kristian apparently incurred $16,450 in medical expenses (ECF No. 10-2) while Alanias incurred $7,745 in medical expenses (ECF No. 10-3). Kristian's demand letter estimated an additional $14,619 in future medical costs. ECF No. 10-2. But there is no evidence that Kristian has incurred any such expenses in the year since that demand letter was sent. "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Based on my judicial, legal, and practical experience and common sense—and even

factoring in potential damages for the plaintiffs' contract and bad-faith claims—the amount in controversy does not exceed $75,000.  Thus, Liberty has not met its burden of establishing by a preponderance of the evidence that this court can exercise jurisdiction over this case. *Roe*, 613 F.3d at 1061-62; *Iqbal,* 556 U.S. at 679.  Consequently, I must remand this action.

I THEREFORE ORDER that this case is remanded to the state court from which it was removed for all further proceedings.  The Clerk of the Court is instructed to close this case.

DATED this 28th day of June, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE